PER CURIAM.
 

 Geneva Sutton appeals a final judgment entered in favor of Monroe County, Florida, dismissing her regulatory taking complaint for failure to state a cause action. We affirm the trial court’s order granting final judgment in favor of Monroe County because Sutton’s claim is barred by the four-year statute of limitations.
 
 See
 
 § 95.11(3)(p), Fla. Stat. (2007).
 

 Sutton, the landowner, purchased a portion of the subject property in 1971 and the remaining portion in 1984. The property consisted of a salt marsh, buttonwood area, a hammock and mangroves, totaling over 22,624 square feet.
 

 Effective September 15, 1986, Monroe County adopted a new land use plan, after which the subject property was subject to environmental and wetland regulations that rendered the subject property “un-buildable.” In 1996, Sutton applied for a building permit to construct a single family residence on the property. This application was denied in 1997. Sutton then appealed the denial to the Monroe County Planning Commission. The Commission concluded that the lots were not buildable.
 

 On January 7, 2005, Sutton filed an application for a Beneficial use Determina
 
 *23
 
 tion (“BUD”).
 
 [1]
 
 On July 19, 2006, the Special Master who presided over the BUD hearing concluded, among other things, that the regulations Sutton complained of denied her “all reasonable economic use of the [subject] Lot” and that “[i]t was only when the Lots became unbuildable that a potential claim ripened.” The Special Master further concluded, “I recommend to the Board of County Commissioners [“BOCC”] that a final beneficial use determination be entered awarding just compensation to the Applicant to be determined as of 1986 when the Lots became unbuildable by operation of the Plan and Code.”
 

 On November 15, 2006, the BOCC adopted a resolution and approved the Special Master’s proposed BUD and requested that the Monroe County Land Authority make a purchase offer based on the fair market value of the subject property as of September 14, 1986 for $113,423.00, inclusive of interest.
 

 Sutton then filed her civil complaint for inverse condemnation. Monroe County moved to dismiss, alleging that Suttons’ claim was time-barred by the applicable statute of limitations. The trial court agreed and dismissed Suttons’ action. We now affirm the trial court’s dismissal because we, too, agree with Monroe County that Suttons’ action was barred by the four (4) year statute of limitations found in section 95.11(3)(p), Florida Statutes (2007).
 

 Section 95.11, titled, “Limitations other than for the recovery of real property” provides in pertinent part:
 

 Actions other than for recovery of real property shall be commenced as follows:
 

 [[Image here]]
 

 (3) Within four years.—
 

 [[Image here]]
 

 (p) Any action not specifically provided for in these statutes.
 

 In 1996, Sutton made an application to obtain relief and to obtain a building permit. It was denied in 1997. Sutton then appealed the denial to the Monroe County Planning Commission, which concluded that the lots were not buildable. She then waited until 2005 to file her BUD application. She now claims that the four-year statute of limitations should run from this point. Regrettably, we simply cannot agree with this line of reasoning. As Monroe County correctly points out, Sutton’s claim would have become ripe in 1997 after her administrative appeal of Monroe County’s denial of her application for a building permit, not in 2006 when the BUD was rendered. Thus, the statute of limitation began to run in 1997,
 
 [2]
 
 and Sutton had four years within which to file her complaint. It is clear that the 1997 administrative appeal met the decisional finality requirement as stated in
 
 Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City,
 
 473 U.S. 172, 186, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). Consequently, this ripened Sutton’s as-applied regulatory taking claim for judicial review.
 
 [3]
 

 
 *24
 
 Accordingly, we affirm the trial court’s order granting final judgment in favor of Monroe County.
 

 Affirmed.
 

 [1]
 

 . Following this denial of Sutton’s administrative appeal of the development permit application denial, Sutton conceded that she did not attempt to obtain building permits or relief until 2005, when she filed an application for a proposed BUD.
 

 [2]
 

 . We note that none of the factors present in
 
 Collins v. Monroe County, 999
 
 So.2d 709 (Fla. 3d DCA 2008) are present in the case before us.
 

 [3]
 

 . We note that Sutton is not without remedy here. In 1996, Sutton applied for a building permit to construct a single family residence solely on Lot 8 of the subject property. In 2005, she proposed in her application for a BUD the construction of one single family residence on the combined lots which make
 
 *24
 
 up the subject property (Lot 8 and Lot 9). It seems her applications for building were different. Sutton has never applied for a building permit for a single family residence on the combined lots.